Nash, C. J.
 

 It cannot be necessary to cite an authority to show, that to sustain an action of trespass to land, the plaintiff must have either the actual or constructive possession at the time the act complained of is committed. If it were, the cases of
 
 *73
 

 Dobbs
 
 v.
 
 Gullidge,
 
 (4 Dev. & Bat. 68,) and
 
 Patterson
 
 v.
 
 Bodenhammer,
 
 (11 Ire. 4,) decided by this Court, the one in 1838, and the other in 1850, are both directly to the point. The plaintiff Brooks owned the land, and leased it by parol to three of the defendants for three months, for the use of a public school. Á schoolmaster was put in possession bjr the school committee as their agent, and before the expiration of the lease, the defendants entered the house by the permission of the schoolmaster (who with his scholars rvere then in it,) and took away the articles, as stated in the case. The possession was at that time actually and legally in the committee by their agent the schoolmaster, and no trespass was committed by the defendants. But again : the articles taken were carried by the committee to the house, and placed in it for the use of the school or schoolmaster, and none of them had been annexed to the realty. They therefore, during the continuance of the lease, had a legal right to remove them. It is fully established, that a tenant for years may take down erections which are useful and necessary to carry on his trade or manufacture, and which enable him to carry it on with more advantage. Bac. Abr. titler
 
 “
 
 Ex’rs,” letter H.; 2 East, 88. So he may carry away ornamental marble chimney pieces, and wainscot fixed only by screws;
 
 Elwes
 
 v. Maw, 3 East. 38; but he cannot, after he has left the premises, upon the expiration of his lease, return and take them away — if he does, he is a trespasser. We see no error in the charge, and the judgment is affirmed.
 

 Per Curiam. Judgment affirmed.